# DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NIKITA SMITH AND**
**KEVIN THOMAS,**

**Plaintiffs,**                          **Case No.  16-11882**

**v.**                          **Hon: George Caram Steeh**

**CITY OF DETROIT, AND**
**POLICE OFFICER JOHN GAINES,**
**POLICE OFFICER JOHN MORRISON,**
**POLICE OFFICER JOHN PAUL,**
**POLICE OFFICER JOHN DOE NO. 1,**
**POLICE OFFICER JANE DOE NO. 1,**

**Defendants.**

| | |
|---|---|
| **CHRISTOPHER S. OLSON (P-58780)** | **MICHAEL M. MULLER (P-38070)** |
| Attorney for Plaintiff | Attorney for Defendant City |
| 32121 Woodward Avenue, Suite 300 | 2 Woodward Avenue, Suite 500 |
| Royal Oak, MI 48073 | Detroit, MI 48226 |
| (248) 672-7368 | (313) 237-5052 |
| colson@olsonpllc.mygbiz.com | mullm@detroitmi.gov |

## FIRST AMENDED ANSWER TO COMPLAINT ON BEHALF OF CITY OF DETROIT PURSUANT TO RULE 15(a)(1)(A)

NOW COMES defendant, City of Detroit, and for its first amended answer to plaintiff's complaint, states as follows:

1.     Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2.  Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## JURISDICTION

3.  Answering this paragraph, defendant admits the allegations contained therein, but denies that 28 U.S.C. §1341 is applicable.

## VENUE

4.  Answering this paragraph, defendant admits the allegations contained therein.

5.  Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6.  Answering this paragraph, defendant admits the allegations contained therein.

7.  Answering this paragraph, defendant admits that Bashawn Gaines, William Morrison and Ryan Paul are Detroit police officers, but deny the remainder of the allegations for the reason that they are inaccurate and/or untrue.

## COLOR OF STATE LAW

8.  Answering this paragraph, defendant admits the allegations as to Bashawn Gaines, William Morrison and Ryan Paul, but deny the remainder of the allegations for the reason that they are inaccurate and/or untrue.

9.  Answering this paragraph, defendant admits the allegations as to Bashawn Gaines, William Morrison and Ryan Paul, but deny the remainder of the allegations for the reason that they are inaccurate and/or untrue.

## FACTUAL BACKGROUND

10.     Answering this paragraph, defendant lacks knowledge or information
sufficient to form a belief about the truth of the allegations.

11.     Answering this paragraph, defendant admits that on January 14, 2016, Nikita
Smith and three dogs were in the home located at 18488 Sussex, Detroit, MI
48235.   Further answering this paragraph, defendant lacks knowledge or
information sufficient to form a belief about the truth of the remaining
allegations.

12.     Answering this paragraph, defendant admits that at about 1:05 p.m. on
January 14, 2016, a narcotics crew consisting of Gaines, Morrison and Paul
executed a search warrant at 18488 Sussex, Detroit MI, 48235.   Further
answering this paragraph, defendant denies the remainder of the allegations
for the reason they are inaccurate and/or untrue.

13.     Answering this paragraph, defendant admits that Nikita Smith was present
together with 3 vicious pit bull dogs.

14.     Answering this paragraph, defendant denies the allegations contained therein
for the reason the same are inaccurate and/or untrue.

15.     Answering this paragraph, defendant denies the allegations contained therein
for the reason the same are inaccurate and/or untrue.

16.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

17.    Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18.    Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

20.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

21.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

22.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

23.    Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

24.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

25.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

26.   Answering this paragraph, defendant admits the allegations contained therein

27.   Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

29.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

30.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

31.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

32.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

33.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

34.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

35.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

36.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

37.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

38.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

39.   Answering this paragraph, defendant admits that Animal Control removed the three dogs from 18488 Sussex, Detroit, MI 48235.

40.   Answering this paragraph, defendant admits the allegations, and further, that police officer's names are routinely and properly redacted from materials obtained through FOIA.

## COUNT I

41.   Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 40 of Plaintiff's complaint with the same force and effect as though set forth herein below.

42.   Answering this paragraph, defendant admits the allegations therein.

43.   Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

44. Answering this paragraph, defendant defers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

45. Answering this paragraph, defendant defers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

46. Answering this paragraph, defendant defers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

47. Answering this paragraph, defendant defers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

48. Answering this paragraph, defendant defers to the cited cases for their true meaning and content. Further answering this paragraph, defendant denies that the dogs did not pose an imminent threat and that the officers were not surprised by the presence of the dogs.

49.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

50.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

51.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

52.    Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

53.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

54.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

55.    Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

## COMPENSATORY DAMAGES

56.    Answering this paragraph, defendant denies the allegations contained therein

for the reason the same are inaccurate and/or untrue.

57.   Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

## PUNITIVE DAMAGES

58.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

59.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

60.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.  Further answering this paragraph, defendant asks that paragraph 60 of plaintiff's complaint be stricken as such settlement is barred by the FRE 403 and 408.

## ATTORNEY FEES

61.   Answering this paragraph, defendant defers to the cited statute for its true meaning and content.  Further answering this paragraph, defendant denies that plaintiff will be entitled to such damages as defendants conduct was proper.

WHEREFORE, defendant, City of Detroit respectfully requests this honorable court enter Judgment of No Cause for Action, and award attorney fees and costs so wrongfully incurred.

## COUNT II

62.   Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 60 of Plaintiff's complaint with the same force and effect as though set forth herein below.

63.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

64.   Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

65.   Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

66.   Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

67.    Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

68.    Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

69.    Answering this paragraph, defendant defers to the cited cases for their true meaning and content.  Further answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

70.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

71.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

72.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue, and further, completely inapplicable to the instant case.

73.    Answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## COMPENSATORY DAMAGES

74.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

## ATTORNEY FEES

75.    Answering this paragraph, defendant defers to the cited statute for its true meaning and content.  Further answering this paragraph, defendant denies that plaintiff will be entitled to such damages as defendants conduct was proper.

WHEREFORE, defendant, City of Detroit respectfully requests this honorable court enter Judgment of No Cause for Action, and award attorney fees and costs so wrongfully incurred.

## COUNT III

76.    Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 75 of Plaintiff's complaint with the same force and effect as though set forth herein below.

77.    Answering this paragraph, defendant admits the allegations therein.

78.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

79.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

## COMPENSATORY DAMAGES

80.    Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

81.    Answering this paragraph, defendant defers to the cited statute for its true meaning and content.  Further answering this paragraph, defendant denies that plaintiff will be entitled to such damages as defendants conduct was proper.

    WHEREFORE, defendant, City of Detroit respectfully requests this honorable court enter Judgment of No Cause for Action, and award attorney fees and costs so wrongfully incurred.

## COUNT IV

82.    Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 81 of Plaintiff's complaint with the same force and effect as though set forth herein below.

83.    Answering this paragraph, defendant defers to the cited statute for its true meaning and content.

84.     Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

WHEREFORE, defendant, City of Detroit respectfully requests this

honorable court enter Judgment of No Cause for Action, and award attorney fees

and costs so wrongfully incurred.

## **COUNT V**

85.     Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 84 of Plaintiff's complaint with the same force and effect as though set forth herein below.

86.     Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

87.     Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

88.     Answering this paragraph, defendant denies the allegations contained therein for the reason the same are inaccurate and/or untrue.

WHEREFORE, defendant, City of Detroit respectfully requests this

honorable court enter Judgment of No Cause for Action, and award attorney fees

and costs so wrongfully incurred.

Respectfully submitted,


/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**VERONICA R. IBRAHIM (P-79992)**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
Dated: June 1, 2016                (313) 237-5052

## RELIANCE ON DEMAND FOR JURY TRIAL

Defendant hereby relies on Plaintiff's demand for a trial by jury in the above captioned matter.


/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**


## SPECIAL AND AFFIRMATIVE DEFENSES

1.    Defendant officers are protected from liability on the plaintiffs' state tort claims by governmental immunity.  Defendant officers acted in good faith, without malice, within the scope of their employment and were performing a discretionary function.  As such, defendant officers are immune as to all state intentional torts.

2.    The plaintiff has failed to state a claim against defendant upon which relief can be granted.

3.    Any injury suffered by the plaintiffs was proximately caused by their own conduct and/or the conduct of third parties..

4.    Plaintiff failed to mitigate his damages.

5.    Plaintiff's claims are barred, in whole or in part, by the lapsing of the applicable statute(s) of limitations.

6.    Defendant City did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in plaintiff's complaint, nor did any such alleged customs, policies and/or procedures originate from a decision maker with final policy making authority.  Further, defendant did not ratify, accept and/otherwise condone any constitutional violations alleged in plaintiff's complaint.  Finally, defendant did not act with deliberate indifference as to known or obvious consequences with respect to the activities alleged in plaintiff's complaint and/or as to any constitutional violations, nor is there any widespread practice of constitutional violations and/or failure to take corrective action regarding the same.

7.    To the extent, if any, that this defendant or anyone acting at the direction of or in concert with this defendant used force against plaintiffs and/or their dogs, each such use of force was privileged and lawful because the force was reasonably applied in the execution of a lawful arrest, in the lawful

performance of other police duties and in self-defense.

8.  At all relevant times defendant officers acted with objective good faith and therefore have qualified immunity from liability on plaintiff's claims.

9.  This Defendant did not act so recklessly as to demonstrate a substantial lack of concern for whether an injury would result; and defendant's conduct was not the one most direct and immediate cause of the injury or damage, if any. MCLA 691.1407(2).  Further, Plaintiff's claims are for intentional torts not negligence which is pleaded by Plaintiff solely on an attempt to get around governmental immunity.

10. Defendant did not intend to inflict emotional distress on Plaintiff, their conduct was not extreme and outrageous and they have no liability to Plaintiff because they did no more than act as they legally were entitled to.

11. Plaintiff cannot hold the City liable under the doctrine of Respondeat Superior under federal or state law.   Monell v. New York City Department of Social Services, 436 U.S. 658; 56 L.Ed.2d 611; 98 S.Ct.2018 (1978); Payton v. City of Detroit, 211 Mich. App. 375; 536 N.W.2nd 233 (1995)

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendant in the above captioned matter, by and through counsel, reserve the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court.

Further, defendant does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5052

Dated: June 1, 2016

**DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NIKITA SMITH AND**
**KEVIN THOMAS,**

             **Plaintiffs,**                 **Case No.  16-11882**

**v.**                                    **Hon: George Caram Steeh**

**CITY OF DETROIT, AND**
**POLICE OFFICER JOHN GAINES,**
**POLICE OFFICER JOHN MORRISON,**
**POLICE OFFICER JOHN PAUL,**
**POLICE OFFICER JOHN DOE NO. 1,**
**POLICE OFFICER JANE DOE NO. 1,**

             **Defendants.**

---

| **CHRISTOPHER S. OLSON (P-58780)** | **MICHAEL M. MULLER (P-38070)** |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant City |
| 32121 Woodward Avenue, Suite 300 | 2 Woodward Avenue, Suite 500 |
| Royal Oak, MI 48073 | Detroit, MI 48226 |
| (248) 672-7368 | (313) 237-5052 |
| colson@olsonpllc.mygbiz.com | mullm@detroitmi.gov |

---

**PROOF OF SERVICE**

       I hereby certify that on June 1, 2016, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

**/s/Michael M. Muller**